Mark L. Javitch (pending *pro hac vice admission*)
Javitch Law Office
480 S. Ellsworth Avenue
San Mateo, California 94401
Telephone: (650) 781-8000
Facsimile: (650) 648-0705
mark@javitchlawoffice.com

*Attorney for Plaintiff*
and those similarly situated

## IN THE UNITED STATES DISTRICT COURT FOR

## THE DISTRICT OF NEBRASKA

| | |
|---|---|
| BEN FABRIKANT, individually, and on behalf of all others similarly situated, | Case No.:  8:20-cv-00470 |
| Plaintiff, | **CLASS ACTION COMPLAINT** |
| v. | **Jury Trial Demanded** |
| CLEAR LINK TECHNOLOGIES, LLC, a Utah limited liability company, | |
| Defendant. | |

### CLASS ACTION COMPLAINT

1.      Plaintiff BEN FABRIKANT ("Plaintiff") brings this Class Action Complaint and Demand for Jury Trial against Defendant CLEAR LINK TECHNOLOGIES, LLC, ("Defendant" or "CLT") to stop their illegal practice of making illegal robocalls to the cellular and residential telephones of consumers nationwide, and to obtain redress for all persons injured by their conduct. Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorney.

## NATURE OF THE ACTION

2.      Defendant CLT is company that markets and sells consumer health plans.  As a part of their marketing of residential mortgages, CLT sent thousands of artificial or prerecorded voice messages to consumers' phones nationwide.

3.      CLT did not obtain express written consent prior to sending these artificial or prerecorded voice messages and, therefore, is in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

4.      Congress enacted the TCPA in 1991 to restrict the use of sophisticated telemarketing equipment that could target millions of consumers *en masse*.  Congress found that these calls were not only a nuisance and an invasion of privacy to consumers specifically but were also a threat to interstate commerce generally.  *See* S. Rep. No. 102-178, at 2-3 (1991), as reprinted in 1991 U.S.C.C.A.N. 1968, 1969-71.

5.      The TCPA targets unauthorized calls exactly like the ones alleged in this case, based on Defendant's use of technological equipment to spam consumers with its advertising on a grand scale.

6.      By placing the calls at issue, CLT violated the privacy and statutory rights of Plaintiff and the Class.

7.      Plaintiff therefore seeks an injunction requiring Defendant to stop its unconsented calling, as well as an award of actual and statutory fines to the Class members, together with costs and reasonable attorneys' fees.

2

## PARTIES

8.     Plaintiff BEN FABRIKANT is a natural person and is a citizen of Omaha, Nebraska.

9.     Defendant CLT is a limited liability company organized and existing under the laws of the state of Delaware with its principal place of business at 5202 W. Douglas Corrigan Way #300 Salt Lake City, Utah 84116.

10.     CLT's Registered Agent is Paracorp Incorporatied, 2140 S Dupont Hwy, Camden, DE 19934.

## JURISDICTION AND VENUE

11.     This Court has federal subject matter jurisdiction under 28 U.S.C. § 1331, as this action arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227, which is a federal statute.

12.     This Court has specific personal jurisdiction over Defendant CLT because Defendant caused the violating phone calls to be placed to Plaintiff in this District.

13.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because the injury substantially occurred in this District.

## COMMON FACTUAL ALLEGATIONS

14.     Defendant CLT sells consumer health plans.

15.     CLT caused artificial or prerecorded voice messages to be sent to thousands of cellular and residential phones numbers.

16.     When the Class members answered their phones expecting to hear from a real person, Defendant pulled a bait and switch by playing an artificial or prerecorded voice message advertising health plans.

3

17.     Unfortunately, CLT failed to obtain consent from Plaintiff and the Class before bombarding them with these illegal voice recordings.

## FACTS SPECIFIC TO PLAINTIFF

18.     On May 29, 2020 at 2:21 p.m., Plaintiff received a call on his residential phone from a call with the Caller ID appearing as (402) 778-6542.

19.     The call was from a "spoofed" or fake area code that was designed to trick Plaintiff into answering, because Plaintiff also had the same area code.

20.     When Plaintiff answered the call, Plaintiff heard an artificial or prerecorded voice message advertising health plans.

21.     The voice said "stay on the line to hear information about supplemental medical insurance."

22.     Plaintiff stayed on the line for approximately ten minutes.

23.     Plaintiff was connected with a Clearlink representative whose first name and last initial is "Liz B."

24.     Liz B. solicited Plaintiff for a Humana health plan.

25.     On the same day, Plaintiff also received an email from Liz B from Clearlink.

26.     Plaintiff never consented to receive calls from Defendant. Plaintiff had never heard of Defendant and had no relationship whatsoever with Defendant prior to this interaction.

27.     Defendant's calls violated Plaintiff's statutory rights and caused actual and statutory damages.

28.     In addition to causing statutory damages, these illegal call(s) caused annoyance, intrusion on privacy and seclusion, and wasted time to Plaintiff.

## CLASS ALLEGATIONS

29.      **Class Definition**: Plaintiff brings this action pursuant to Federal Rule of Civil

Procedure 23(b)(2) and 23(b)(3) on behalf of Plaintiff and a class defined as follows:

> **TCPA Class**.  All persons in the United States who: (1) from the last 4
> years to present (2) whose cellular or residential telephone were called
> (3) using an artificial or prerecorded voice message; (4) to promote
> Defendant's products and services;

30.      The following people are excluded from the Class: (1) any Judge or Magistrate

presiding over this action and members of their families; (2) Defendant, Defendant's

subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or their

parents have a controlling interest and its current or former employees, officers and directors;

(3) persons who properly execute and file a timely request for exclusion from the Class; (4)

persons whose claims in this matter have been finally adjudicated on the merits or otherwise

released; (5) Plaintiff's counsel and Defendant's counsel; and (6) the legal representatives,

successors, and assigns of any such excluded persons.

31.      **Numerosity**: The exact number of the Class members is unknown and not

available to Plaintiff, but it is clear that individual joinder is impracticable. On information and

belief, Defendant placed telephone calls to thousands of consumers who fall into the definition

of the Class. Members of the Class can be identified through Defendant's records.

32.      **Typicality**: Plaintiff's claims are typical of the claims of other members of the

Class, in that Plaintiff and the Class members sustained damages arising out of Defendant's

uniform wrongful conduct and unsolicited telephone calls.

33.      **Adequate Representation**: Plaintiff will fairly and adequately represent and

protect the interests of the other members of the Class. Plaintiff's claims are made in a

representative capacity on behalf of the other members of the Class. Plaintiff has no interests

5

antagonistic to the interests of the other members of the proposed Class and is subject to no unique defenses. Plaintiff has retained competent counsel to prosecute the case on behalf of Plaintiff and the proposed Class.   Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Class and have the financial resources to do so.

34.   **Policies Generally Applicable to the Class**: This class action is appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to the Class as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the Class members and making final injunctive relief appropriate with respect to the Class as a whole. Defendant's practices challenged herein apply to and affect the Class members uniformly, and Plaintiff's challenge of those practices hinge on Defendant's conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiff.

35.   **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

a.   Whether Defendant violated the TCPA;

b.   Whether the calls were placed residential and cellular phones;

c.   Whether the phone calls used an artificial or prerecorded voices;

d.   Whether the calls were caused by Defendant;

e.   Whether the calls promoted Defendant's products and services;

f.   Whether Defendant obtained written express consent prior to the calls;

g.  Whether members of the Class are entitled to treble damages based on the knowingness and/or willfulness of Defendant's conduct.

36.  **Superiority**: This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy as joinder of all parties is impracticable. The damages suffered by the individual members of the Class will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the individual members of the Class to obtain effective relief from Defendant's misconduct. Even if members of the Class could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single Court. Economies of time, effort and expense will be fostered, and uniformity of decisions ensured.

**CAUSE OF ACTION**
**Violation of 47 U.S.C. § 227(b)**
**<u>(On behalf of Plaintiff and the TCPA Class)</u>**

37.  Plaintiff incorporates the foregoing allegations as if fully set forth herein.

38.  Plaintiff and the Class members received calls to their residential and cellular telephones.

39.  The calls were not made for an emergency purpose.

40.  The calls played a prerecorded voice message as proscribed by 47 U.S.C. § 227(b)(1)(A)(iii) and (B).

7

41.     As a result of its unlawful conduct, Defendant repeatedly invaded Plaintiff's and the Class's personal privacy, causing them to suffer damages and, under 47 U.S.C. § 227(b)(3)(B), entitling them to recover $500 in civil fines for each violation and an injunction requiring Defendant to stop its illegal calling campaign.

42.     Defendant made the violating calls "willfully" and/or "knowingly" under 47 U.S.C. § 227(b)(3)(C).

43.     If the Court finds that Defendant willfully and/or knowingly violated this subsection, the court may increase the civil fine from $500 to $1500 per violation under 47 U.S.C. § 227(b)(3)(C).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff BEN FABRIKANT, individually and on behalf of the Class, prays for the following relief:

A.     An order certifying the Class as defined above, appointing Plaintiff BEN FABRIKANT as the Class representative and appointing his counsel as Class Counsel;

B.     An order declaring that Defendant's actions, as set out above, violates the TCPA;

C.     An order declaring that Defendant's actions, as set out above, violates the TCPA willfully and knowingly;

D.     An injunction requiring Defendant to cease all unlawful calls without first obtaining the call recipients' express consent to receive such calls, and otherwise protecting interests of the Class;

E.     An award of actual damages and/or statutory fines and penalties;

F.     An award of reasonable attorneys' fees and costs; and

G.      Such other and further relief that the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

Dated: November 9, 2020

Respectfully submitted,

BEN FABRIKANT, individually and on behalf of all others similarly situated,

Mark L. Javitch (pending *pro hac vice admission*)

Javitch Law Office
480 S. Ellsworth Avenue
San Mateo, California 94401
Telephone: (650) 781-8000
Facsimile: (650) 648-0705
mark@javitchlawoffice.com

*Attorneys for Plaintiff and the Putative Class*